IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

HENRY DAVID VELAZQUEZ, ET AL.,

Plaintiffs,

v.

PEDRO TOLEDO DAVILA, ET AL.,

Defendants.

CIVIL NO. 08-1131 (FAB/CVR)

## OPINION AND ORDER

### INTRODUCTION

Plaintiffs Henry David Velázquez (hereafter "plaintiff Velázquez") and his wife filed a Complaint against defendants for civil rights violations under Title 42, United States Code, Sections 1983, 1981, due to racial discrimination, harassment and retaliation. The Complaint also submits claims under Title VII, after having exhausted administrative proceedings, and under the Fourteenth Amendment under the Equal Protection Clause, as well as for damages supplemental jurisdiction and the laws of the Commonwealth of Puerto Rico (Docket No. 1).

The Complaint includes as defendants Pedro Toledo Dávila, as then Superintendent of the Police Department of Puerto Rico, the Puerto Rico Police Department, Coronel Juan Sánchez Colón, who was the Director of the Joint Forces of Rapid Action known as "FURA", Captain Angel Rosado, the former Maritime Coordinator of the Southwest of Puerto Rico, who is presently demised, Radamés Rivera, an Agent of the Maritime Unit in the town of Cabo Rojo, Francisco Mari Vargas, the Former Director of the Maritime Unit of the town

Henry David Velázquez, et al. v. Pedro Toledo Dávila, et al.
Civil No. 08-1131 (FAB/CVR)
Opinion and Order
Page No. 2

of Boquerón, Benjamín Camacho, an Agent of the Maritime Unit of Boquerón and Agent Gilberto Avilés Méndez, a member of the Maritime Unit.

Defendants Pedro Toledo Dávila, Captain Angel Rosado, Radamés Rivera, Benjamín Camacho and Gilberto Avilés Méndez filed a joint Motion to Dismiss.[1] (Docket No. 14). Co-defendants Juan Sánchez Colón and Francisco Mari Vargas did not join said motion. Dismissal was requested under failure to establish federal subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1),[2] failure to present a claim under which relief may be granted under 12(b)96),[3] and for the claims under Section 1983 as time-barred. Above defendants also request dismissal of state supplemental claims. Plaintiff Velázquez submitted the opposition to defendants' request for dismissal. (Docket No. 17).

The parties consented to jurisdiction by this Magistrate Judge for all further proceedings. (Docket No. 23).

---

[1] Although the Puerto Rico Police Department is not mentioned in the initial paragraph as to appearances as joining the motion to dismiss, there are allegations and discussion in the body of the motion requesting dismissal as to said co-defendant as to Title VII claim being insufficient to state a hostile work environment.

[2] Fed.R.Civ.P. 12 (b) (1) provides:

How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: **(1)** lack of subject-matter jurisdiction; ...

[3] Fed.R.Civ.P. 12(b)(6) provides:

b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:                ....
(6) failure to state a claim upon which relief can be granted;

Henry David Velázquez, et al. v. Pedro Toledo Dávila, et al.
Civil No. 08-1131 (FAB/CVR)
Opinion and Order
Page No. 3

## MOTION TO DISMISS STANDARD

To elucidate a motion to dismiss the Court must accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). A complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." Romero-Barceló v. Hernández-Agosto, 75 F.3d 23, 28 n. 2 (1st Cir. 1996) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)). The Court, need not accept a complaint's " 'bald assertions' or legal conclusions" when assessing a motion to dismiss. Abbott, III v. United States, 144 F.3d 1, 2 (1st Cir. 1998) (citing Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1216 (1st Cir. 1996)).

The Supreme Court most recent opinion changes the standard for a motion to dismiss so that plaintiffs will now have to include more information in their pleadings if they want to survive a 12(b)(6) motion. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007).[4] The First Circuit has already cited to this decision and has already noted this new standard in Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007), copied in part below:

> At the outset, we note that even under the liberal pleading standard of Federal Rule of Civil Procedure 8, the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege "a plausible entitlement to relief." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1967, 167 L. Ed. 2d 929 (2007). In so doing, the Court disavowed the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), that "a complaint should not be dismissed for failure to state a claim unless

---

[4] No heightened fact pleading of specifics is required but only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic, 127 S.Ct. at 1974.

it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See* Twombly, 127 S. Ct. at 1969. The Court found that the "no set of facts" language, if taken literally, would impermissibly allow for the pleading of "a wholly conclusory statement of [a] claim," and that "after puzzling the profession [**8] for 50 [*96] years, this famous observation has earned its retirement." *Id.* at 1968, 1969.

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, we will address perfunctory the request for dismissal as to the Section 1983 and secondly, the Title VII since almost by definition a claim under Section 1983 arises under federal law and will support federal question jurisdiction. Alberto San, Inc., v. Consejo Titulares del Condominio San Alberto, 522 F.3d 1 (1ST Cir. 2008).

We shall then examine under Fed.R.Civ.P. 12(b)(6) dismissal requested by defendants for failure to state a claim upon which relief can be granted as to Sections 1983 and 1981, as well as lack of individual liability under Title VII for co-defendants, and failure to state a claim as to the Puerto Rico Police Department as to Title VII.

## LEGAL ANALYSIS

**A.     Dismissal under 12(b)(1) for Lack of Subject Matter Jurisdiction.**

**1.  Section 1983 Claims.**

Above defendants seem to request dismissal of plaintiff Velázquez' Section 1983 claims under Section 12(b)(1) for lack of subject matter jurisdiction.  However*,* "[t]he Supreme Court has often said that a colorable claim of a federal cause of action will confer subject matter jurisdiction even though the claim itself may fail as a matter of law on further examination." *See* Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89, 118 S.Ct.

Henry David Velázquez, et al. v. Pedro Toledo Dávila, et al.
Civil No. 08-1131 (FAB/CVR)
Opinion and Order
Page No. 5

1003 (1998); 13B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* 3563, at 49 (2d ed.1984).

As previously stated, a civil rights claim under Section 1983 generally survives subject matter jurisdiction.  Thus, had defendants indeed requested dismissal of Section 1983 claims for lack of subject matter jurisdiction, such requested dismissal is to be DENIED and requires no further discussion.

### 2. Section 1983 Liability.

Defendants also seem to have requested dismissal as to Section 1983 liability, including  the Puerto Rico Police Department.  Since such a civil rights violation would fall on an individual and not on an *alter ego* of the Commonwealth of Puerto Rico, it is considered that there is no such claim in the Complaint as to this institutional co-defendant under Section 1983.[5]

Still, co-defendants Radamés Rivera, Benjamín Camacho and Gilberto Avilés Méndez have also requested dismissal for having plaintiff Velázquez failed to allege personal liability of these defendants for a constitutional violation.  These co-defendants are also totally lacking any supervisory liability which can serve as ground for a claim under Section 1983.

Based on the allegations of the complaint, at least co-defendants Radamés Rivera, Benjamín Camacho and Gilberto Avilés Méndez, were nothing else but co-workers of plaintiff Velázquez and similarly situated to other law enforcement agents who worked at the towns of Boquerón and Cabo Rojo Maritime Units of the Puerto Rico Police

---

[5]  If defendant the Puerto Rico Police Department raises Eleventh Amendment as to Section 1981 claims, since sovereign immunity has not been waived, it will be granted.

Department.  These co-defendants lack any supervisory or nominating authority as to any adverse or retaliatory employment action regarding plaintiff Velázquez's conditions of employment.  Although these co-defendants are identified as the ones who allegedly made derogatory comments, with racial innuendos against plaintiff Velázquez, the requirement for a Section 1983 that the actions be incurred "under color of law" cannot be assessed from the allegations of the complaint.

The jurisdictional requirement that actions for a Section 1983 claim be "under color of law" is the equivalent of a requirement that there be state-action under the Fourteenth Amendment.  A private individual who is not cloaked with the authority of the state cannot provide ground for an "under color of law" constitutional violation.  In general, Section 1983 is not implicated unless a state actor's conduct occurs in the course of performing an actual or apparent duty of his office or unless the conduct is such that the actor could not have behaved in that way but for authority of his office.  Martínez v. Colón, 54 F.3d 980 (1st Cir. 1995).[6]

As to the remaining co-defendants who held supervisory or nominating authority with the Puerto Rico Police Department, at the level of a motion to dismiss we are dealing with the requisite for a *prima facie* case and thereafter in the proceedings might entertain the shifting burden of a Mt. Healthy defense[7].  Neither are we dealing with the issue, even with respect to conduct between fellow employees and employer/supervisor or its agent

---

[6]   The use of a policeman/correctional officer gun, even in the course of purely personal pursuits, cannot reasonably create a cause of action under Section 1983.  There is a need to also establish additional indicia of state authority to conclude that the officer acted under color of state law.  Martínez v. Colón, 54 F.3d at 988.

[7]   Mt. Healthy City Sch. Dist. Bd. Of Educ. v. Doyle, 429 U.S. 274, 97 S.Ct. 568 (1977).

Henry David Velázquez, et al. v. Pedro Toledo Dávila, et al.
Civil No. 08-1131 (FAB/CVR)
Opinion and Order
Page No. 7

who may still be responsible for harassment in the workplace and as to whom the employer,

its agents or supervisory employees, know or should have known of the offending conduct,

unless it can be shown by way of a defense that immediate and appropriate corrective action

was taken.  As such, plaintiff Velázquez' claims and allegations in the Complaint will allow

his Section 1983 action to survive at this stage as to individual co-defendants Pedro Toledo

Dávila, Captain Angel Rosado, Coronel Juan Sánchez Colón and Francisco Mari Vargas.[8]

Succinctly, in the absence of state action that may be assessed from the pleadings of

the Complaint, the claims under Section 1983, as well as under Section 1981 discussed

below, against co-defendants Radamés Rivera, Benjamín Camacho and Gilberto Avilés

Méndez may not survive in the absence of state action and are to be DISMISSED.  The cause

of action as to co-defendants Pedro Toledo Dávila, Captain Angel Rosado, Coronel Juan

Sánchez Colón and Francisco Mari Vargas remains.

**3.  Whether the Section 1983 Claims are Time-Barred**.

Defendants submit as time-barred those allegations for race discrimination and for

retaliation filed in 2005, because of a transfer from work that took place on August 17,

2005.  They also submit plaintiff failed to submit the dates of the death threats or attacks

to his family nor when his firearm was taken from him, which relates to the last

administrative complaint.  However, there being equitable tolling as to Section 1983 and

under the applicable state statute of limitations, defendants have failed to argue whether

---

[8] Where a challenged employment action falls short of discharge or dismissal, plaintiff will need to show by clear and convincing evidence he was subjected to an unreasonable inferior work environment when compared to the norm for the position.  Plaintiff will need to show permanent or at least sustained worsening conditions to reach the threshold of constitutional injury.  Agosto-De-Feliciano v. Aponte-Roque, 889 F.2d 1209, 1217-1219 (1st Cir. 1989).

the remedies requested in both suits, administrative filings and this federal claim, are different, that will sustain their claim of being time-barred.  Plaintiff would then have the burden of establishing the necessary tolling to be applicable to avoid dismissal of Section 1983 and/or state law claims for being time-barred.  *Cf.* Benítez-Pons v. Com. of Puerto Rico, 136 F.3d 54 (1st Cir. 1998) (plaintiff failed to establish the statute of limitation should be equitable tolled).

Section 1983 borrows its limitations period from state law, that is, a one-year statute of limitations that applies in the Commonwealth of Puerto Rico.  *See* Morales-Tañón v. P.R. Elec. Power Auth., 524 F.3d 15, 18 (1st Cir. 2008). Federal law determines when the statute of limitations begins to run. Marrero-Gutiérrez v. Molina, 491 F.3d 1, 5 (1st Cir. 2007). A Section 1983 claim generally accrues when the plaintiff knows, or has reason to know, of the injury on which the action is based, *id.* (*quoting* Guzmán-Rivera v. Rivera-Cruz, 29 F.3d 3, 5 (1st Cir. 1994)), and plaintiff is deemed to know or have reason to know at the time of the act itself,  not at the point that the harmful consequences are felt. *Id.* at 6.

For herein plaintiff, the clock at the latest began to run, for purposes of section 1983, when he received the last retaliatory act wherein he suffered an adverse employment action. *See generally* Del. State Coll. v. Ricks, 449 U.S. 250, 261-62, 101 S.Ct. 498 (1980) (*holding* the statute of limitations in a Title VII case began to run when a university professor received notice that his tenure would be denied not when his employment ended one year later); *accord* Campbell v. BankBoston, N.A., 327 F.3d 1, 10-11 (1st Cir.2003).  *See also* Moran Vega v. Cruz Burgos, 537 F.3d 14 (1st Cir. 2008).

Henry David Velázquez, et al. v. Pedro Toledo Dávila, et al.
Civil No. 08-1131 (FAB/CVR)
Opinion and Order
Page No. 9

Pursuant to the Complaint, plaintiff Velázquez received the right to sue letter on December 14, 2007, upon complaints he had filed for retaliation, which included harassment, death threats and attacks to his family. The previous administrative complaint filed on August 17, 2005, which was assigned number 162-2005-00433, had not been entertained by the EEOC. *Complaint ¶3.*

From the allegations of the complaint it is also indicated the EEOC had failed to take action as to the initial claim filed in 2005, for which the claims resulting thereunder could be subject of tolling when the investigation has not been notified to plaintiff or has not been advised of the right to file a judicial action.[9] As to the third claim filed with the EEO, the allegations indicate claimant was notified on December 14, 2007, and he filed the federal action in this case on January 29, 2008, which is within the 90-day period required.[10]

Thus, taking the allegations of the complaint as true, the arguments raised by defendants as to the complaint being time-barred are not ripe for adjudication as submitted. Dismissal requested for Section 1983, as being time-barred, is DENIED.

## B.  Claims under Sections 1981.

Defendants seek dismissal of plaintiff's civil rights claims under Section 1981 on arguments the complaint failed to allege an impairment effected on plaintiff Velázquez as to any of the activities encompassed by the statute on the basis of race. Defendants'

---

[9]  Ann K. Wooster, J.D., *Tolling of Time Period for Filing Title VII Charge*, 28 ALR Fed.2d 73 (2008).

[10]  Jerald J. Director, J.D., *Time requirements for civil action for violation of equal employment opportunities provisions,* 4 ALR Fed. 833 (1970) (Employee who filed two reasonably related claims of discrimination with the EEOC against same employer, about one year apart, and received right to sue letter on later-filed claim first, would be permitted to bring single timely court action based on both claims, when action is timely filed within 90-day period upon receipt of right to sue letter).

arguments evolve in that the activities are solely those in the making and enforcing of contracts, access to judicial process, subjecting plaintiff to different punishment than white persons.  Although the full and equal benefit of all laws and proceedings are generalized, defendants failed to recognize that conditions of employment on equal basis to other white individuals could also fall under the activities covered of full and equal benefits of all laws and proceedings.

Section 1981 derives from the Civil Rights Act of 1866 and was intended "to eradicate all discrimination against blacks and to secure for them full freedom and equality in civil rights." Mahone v. Waddle, 564 F.2d 1018 (3d Cir.1977) (emphasis in original; footnote omitted). Racial animus is a necessary element of a claim under this section. General Bldg. Contractors Ass'n v. Pennsylvania, 458 U.S. 375, 391, 102 S.Ct. 3141, 3150 (1982); Springer v. Seaman,  821 F.2d 871, 880 (1st Cir. 1987).

Section 1981 provides:

(a) Statement of equal rights

 All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

 (b) "Make and enforce contracts" defined

 For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

 (c) Protection against impairment

Henry David Velázquez, et al. v. Pedro Toledo Dávila, et al.
Civil No. 08-1131 (FAB/CVR)
Opinion and Order
Page No. 11

The rights protected by this section are protected against impairment by non-governmental discrimination and impairment under color of State law.

Plaintiff Velázquez has submitted claims as to being subjected to different treatment in employment because of his race and, at this juncture, the facts pleaded are sufficient to establish the minimum requirement for a cause of action under Section 1981. Section 1981 claims may be based in denial of pay raises and training, discharges, retaliation that affect conditions of employment because of a racial discriminatory animus. Rowlett v. Anheuser-Busch, Inc., 832 F.2d 194, 196 (1st Cir. 1987) (affirming Section 1981 emotional damage award).[11] Thus since the decision in Patterson, Section 1981 is commonly used to remedy racial discrimination in the continuing employment relationship.[12]

However, Section 1981 would not serve to assert a claim against a co-worker, in his/her individual capacity, since it does not reach to purely private conduct. As such, as to co-workers and/or fellow employees Radamés Rivera, Benjamín Camacho and Gilberto Avilés Méndez in the present case, the Section 1981 claims would not prosper and are to be DISMISSED.

Discrimination under Section 1981, may be governed by the same test for discrimination under Section 1983 and the burden shifting scheme of McDonnell Douglas.

---

[11] Congress treated the § 1981a compensatory and punitive damage provisions as amendments to 1981. See Johnson v. Railway Express Agency, 421 U.S. 454, 460, 95 S.Ct. 1716, 1720 (1975).

[12] See Patterson v. McLean Credit Union, 491 U.S. 164, 179-80, 109 S.Ct. 2363 (1989) (distinguishing section 1981 from Title VII and calling the latter the one with the more expansive reach ... mak[ing] it unlawful for an employer to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, whereas section 1981 covers only conduct at the initial formation of the [employment] contract and conduct which impairs the right to enforce [employment] contract obligations through legal process ).

It will also allow, contrary to Section 1983, respondeat superior liability. As such, as to remaining co-defendants, Pedro Toledo Dávila, Juan Sánchez Colón and Francisco Mari Vargas, Section 1981 claims survive dismissal.

## C. Title VII Claims.

### 1. Individual Defendants.

Defendants Toledo Dávila, Angel Rosado, Radamés Rivera, Benjamín Camacho and Gilberto Avilés Méndez have requested dismissal for lack of individual liability under Title VII since such an action survives solely as to the "employer", that is, the Puerto Rico Police Department, an *alter ego* of the Commonwealth of Puerto Rico.

Title VII is directed at "employers" and it defines employers as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day and any agent of such person".  42 U.S.C. § 2000-e.  Therefore, because of "individual capacity"above, these co-defendants are not the employing entity of plaintiff Velázquez.  It may be determined, however, whether they can be held liable as agents of the employing entity.  Rivera Rodríguez v. Police Dept. of Puerto Rico, 968 F.Supp. 783, 785 (D. Puerto Rico 1997); Anonymous v. Legal Services Corp. of Puerto Rico, 932 F.Supp. 49, 50 (D. Puerto Rico 1996) (stating that "resolution of the [individual liability] question depends on how the 'and any agent' language is interpreted.").

The Court of Appeals for the First Circuit has issued no final disposition in regards to individual liability under Title VII, *but see* Scarfo v. Cabletron Sys., Inc., 54 F.3d 931, 951-52 (1st Cir. 1995) (*leaving* the question open) and Serapión v. Martínez, 119 F.3d 982, 992 (1st Cir. 1997).  Nonetheless, there was a limited pronouncement on this issue, which

seems to outline the path that may follow in <u>Vélez v. Awning Windows, Inc.</u>, 375 F.3d 35, 43 n.5 (1st Cir. 2004).  It is therein indicated that the law does not provide for supervisory liability under Title VII  but that the state statute still imposes liability on supervisors for acts of sexual harassment. *See* <u>Mejías Miranda v. BBII Acquis'n Corp.</u>, 120 F.Supp.2d 157 (D. Puerto Rico 2000) (no personal liability can attach to agents and supervisors under Title VII or the ADEA); <u>Acevedo Vargas v. Colón</u>, 2 F.Supp.2d 203, 205 (D. Puerto Rico 1998) (referring to the EEOC guidelines which establish the criteria for determining when unwelcome conduct of a sexual nature constitutes sexual harassment for purposes of Section 703 of Title VII).

On a similar vain, numerous cases in the District of Puerto Rico have already determined that no personal liability exists under Title VII and that individual defendants are not liable under Title VII.  *See* <u>Rivera Sánchez v. Autoridad de Energía Eléctrica</u>, 360 F.Supp.2d 302, 317 (D. Puerto Rico 2005); <u>Gómez González v. Guidant Corp.</u>, 364 F.Supp.2d 112 (D. Puerto Rico 2005); <u>Vargas v. Fuller Brush Co. of Puerto Rico</u>, 336 F.Supp.2d 134, 138 (D. Puerto Rico 2004); <u>Vélez-Sotomayor v. Progreso Cash & Carry, Inc.</u>, 279 F.Supp.2d 65 (D. Puerto Rico 2003);<u>Padilla Cintrón v. Rosselló González</u>, 247 F.Supp.2d 48 (D. Puerto Rico 2003); <u>Nieves v. Puerto Rico</u>, 2003 WL 22316560 (D. Puerto Rico 2003); <u>López Hernández v. Municipality of San Juan</u>, 206 F.Supp.2d 243 (D. Puerto Rico 2002); <u>Olivo González v. Teachers' Retirement Board</u>, 208 F.Supp.2d 163 (D. Puerto Rico 2002); <u>Castro Ortiz v. Fajardo</u>, 133 F.Supp.2d 143 (D. Puerto Rico 2001); <u>Canabal v. Aramark Corp.</u>, 48 F.Supp.2d 94, 95-98 (D. Puerto Rico 1999); <u>Acevedo Vargas</u>, 2

F.Supp.2d at 206; <u>Pineda v. Almacenes Pitusa, Inc.</u>, 982 F.Supp. 88, 92-93 (D. Puerto Rico 1997); <u>Hernández v. Wangen</u>, 938 F.Supp. 1052 (D. Puerto Rico 1996); <u>Anonymous</u>, 932 F.Supp. at 50-51.

As such, co-defendants Toledo Dávila, Angel Rosado, Radamés Rivera, Benjamín Camacho and Gilberto Avilés Méndez would be entitled to dismissal of claims filed by plaintiff Velázquez under Title VII for lack of personal liability.[13]

### 2.   Puerto Rico Police Department - The Employer.

The request for dismissal as to the Puerto Rico Police Department that survives Title VII also presents grounds that plaintiff failed to exhaust administrative action required by statute. Co-defendant Puerto Rico Police Department, as an *alter ego* of the Commonwealth of Puerto Rico,  has requested dismissal of the federal claims under Title VII for employment discrimination and for retaliation for not being clear whether the allegations in the complaint were included at all in the charges filed by plaintiff with the EEOC, and thus plaintiff Velázquez has not exhausted the required administrative proceeding.

Title VII requires that a charge shall be filed (with the EEOC) within one hundred and eighty days (180) after the alleged unlawful employment practice occurred, or within three hundred (300) days if the person aggrieved initially instituted proceedings with a

---

[13]   The same ruling will apply as to the defendants who have not joined the Motion to Dismiss as to lack of personal liability under Title VII, if such relief is requested.

State or local agency with authority to grant or seek relief from such practice. 42 U.S.C. 2000e-5(e). When this requirement is not met, a failure will effectively bars the Title VII claims. *See* <u>Jorge v. Rumsfeld</u>, 404 F.3d 556, 564 (1st Cir. 2005).[14]

Failure to exhaust administrative remedies and ripeness challenges may be appropriate in a motion to dismiss. In the majority of cases dismissal for failure to exhaust will be without prejudice and not an adjudication on the merits. *See* <u>Bonilla v. Muebles J.J. Alvarez, Inc.</u>,194 F.3d 275 (1st Cir.1999); <u>Deniz v. Municipality of Guaynabo</u>, 285 F.3d 142 (1st Cir. 2002).   Furthermore, a motion to dismiss for not exhausting administrative proceedings should be treated under the rules for failure to state a claim, rather that under lack of subject matter jurisdiction.[15]

However, under either Fed.R.Civ.P. 12(b)(1) or 12(b)(6), defendant Puerto Rico Police Department has not established, except for legal arguments, the issue of lack of exhaustion of administrative remedies but only submits a possibility or potential event that these were not exhausted from a mere reading of the Complaint.  Still, the Complaint makes reference to the filing of at least two (2) administrative claims, the lack of a final decision after expiration of time, and the resulting employment retaliation which is being claimed and also made part of the administrative proceedings. As such, exhaustion of administrative

---

[14] Plaintiffs have 300 days to file with the EEOC, rather than the usual 180, because Puerto Rico is a so-called "deferral" jurisdiction. *See* 42 U.S.C. 2000e-5(e); <u>Lebrón Ríos v. U.S. Marshal Service</u>, 341 F.3d 7 (1st Cir. 2003); <u>Bonilla v. Muebles J.J. Alvarez, Inc.</u>, 194 F.3d 275, 278 n. 4 (1st Cir.1999). Insofar as filing of a civil action, the Court of Appeals for the First Circuit has extended the 90-day limit for filing private discrimination claims in federal district court following the conclusion of administrative proceedings. *See* <u>Rys. V. U.S. Postal Service</u>, 886 F.2d 443 (1st Cir. 1989); <u>Rice v. New England College</u>, 676 F.2d 9, 10 (1st Cir. 1982).

[15] <u>Robinson v. Dalton</u>, 107 F.3d 1018 (3d Cir. 1997).

proceedings as to said co-defendant, which from the face of the pleadings seems to have taken place, may be more properly addressed and resolved at summary judgment level.

Accordingly, the motion to dismiss the Title VII claims for failure to exhaust administrative remedies as to the Puerto Rico Police Department is DENIED.

**D.     Dismissal under Fed.R.Civ.P. 12(b)(6) for Failure to State a Claim.**

Defendants have requested dismissal for failure to state a cause of action which would entitle plaintiff to a relief. The task in adjudicating a motion to dismiss for failure to state a claim is not to decide whether the plaintiff will ultimately prevail but whether he is entitled to undertake discovery in furtherance of the sufficiently pleaded claims.

Once there is a *prima facie* case of racial discrimination, as already discussed above, a defense may be adjudicated on a motion to dismiss for failure to state a claim, as long as the facts establishing the defense are definitely ascertainable from the complaint and other allowable sources of information and those facts suffice to establish the affirmative defense with certitude. Rodi v. Southern New England School of Law, 389 F.3d 5 (1st Cir. 2004).

A motion to dismiss is not an occasion to prove or disprove the facts in the Complaint but one in which the Court assumes that all facts properly and adequately alleged in the complaint are true and makes all reasonable inferences from those facts in plaintiff's favor. Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). Alternative Energy, Inc. V. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001) (in ruling on a motion to dismiss, a court must accept as true all the factual allegations in the complaint construe all reasonable inferences in favor of the plaintiff).

As such, at this stage of the proceedings, plaintiff's allegations as to the retaliatory actions are deemed sufficient and dismissal of these claims is unwarranted.

## E.  Hostile Work Environment and Retaliation Claims.

To assert a hostile work environment claim under an analogous federal statute, such as Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17 (1994 & Supp.2003), the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634 (1994 & Supp.2003), or the ADA, 42 U.S.C. §§ 12131-12165 (1994 & Supp. 2003), plaintiff must show that her "workplace was permeated with discriminatory intimidation, ridicule, and insult that [was] sufficiently severe or pervasive to alter the conditions of . . . [her] employment and create an abusive working environment." Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993); Quiles-Quiles v. Henderson, 439 F.3d 1, 7 (1st Cir. 2006) (assessing hostile work environment claim under the Rehabilitation Act).  Relevant are "the severity of the conduct, its frequency, and whether it unreasonably interfered with the victim's work performance." Quiles-Quiles, 439 F.3d at 7. Plaintiff must demonstrate that "the workplace was both subjectively and objectively hostile." Mannie v. Potter, 394 F.3d 977, 982 (7th Cir. 2005).

In characterizing the negative workplace environment, courts have drawn a continuum between rudeness and ostracism, on one side of the spectrum, and severe or pervasive harassment on the other side, generally finding that "rudeness or ostracism, standing alone" is insufficient to support a hostile work environment claim and that severe or pervasive harassment is actionable. Noviello v. City of Boston, 398 F.3d 76, 92 (1st Cir. 2005); Simas v. First Citizens' Fed. Credit Union, 170 F.3d 37, 52 n.l2 (1st Cir. 1999).

This case features allegations of the rudeness and lack of civility on account of a racial discriminatory animus that permeated the racial innuendos. Still, even if we were to characterize the alleged conduct of co-workers and co-defendants towards plaintiff as hostile, there are also claims in the Complaint suggesting that it was directed at plaintiff Velázquez "because of a characteristic protected by a federal anti-discrimination statute", which in the present case is racial discrimination and for having filed administrative complaints. Quiles-Quiles, 439 F.3d at 7-8.

As stated by the First Circuit in a Title VII harassment case, Title VII is neither a civility code nor a general anti-harassment code. Lee-Crespo v. Schering-Plough Del Caribe, Inc., 354 F.3d 34, 37 (1st Cir. 2003); *see* Faragher v. City of Boca Raton, 524 U.S. 775, 788, 118 S.Ct. 2275 (1998); O'Rourke v. City of Providence, 235 F.3d 713, 729 (1st Cir. 2001). Rather, an employee claiming harassment must demonstrate that the hostile conduct was directed at him/her because of a characteristic protected by a federal anti-discrimination statute. Lee-Crespo, 354 F.3d at 43 n. 5. *See also* Arrieta-Colón v. Wal-Mart P.R., Inc., 434 F.3d 75, 88 (1st Cir. 2006) (affirming disability harassment verdict where the evidence showed that plaintiff was subject to "constant mockery" due to his disability). [16]

Plaintiff presented administrative claims because of acts of the nominating authority and supervisors due to allegedly the protected activity of filing complaints against said racial

---

[16] *See e.g.* Gowesky v. Singing River Hosp. Sys., 321 F.3d 503, 509 (5th Cir. 2003) (finding that a disabled employee who was told by her employer that "she better get better this time" and that he would "no longer tolerate her health problems" was not subjected to a hostile work environment under the ADA); McConathy v. Dr. Pepper/Seven-Up Corp., 131 F.3d 558, 564 (5th Cir. 1998) (finding that an employer's boorish behavior toward an employee regarding the slow pace of the employee's recovery from a disease, his reassignment of work away from her, and his insensitivity toward her need for surgery and time to recuperate was not sufficient as a matter of law to state a claim of hostile environment harassment).

Henry David Velázquez, et al. v. Pedro Toledo Dávila, et al.
Civil No. 08-1131 (FAB/CVR)
Opinion and Order
Page No. 19

discrimination.  The herein complaint submits plaintiff suffered retaliation for availing himself of the administrative proceedings.  At least at this stage, the retaliation claims are not precluded from consideration since they are reasonably related to and grew out of alleged discrimination that the employee had reported to the EEOC.  Clockedile v. New Hampshire Dept. of Corrections, 245 F.3d 1 (1st Cir. 2001) (even if no retaliation claim was filed with EEOC, the retaliation was related to the alleged discrimination previously reported to EEOC); Montalvo Padilla v. University of P.R., 489 F.Supp2d 464 (D. Puerto Rico 2007) (a retaliation claim is preserved in spite of there being no separate administrative charge for that claim).

Accordingly, the request for dismissal of the retaliation claims is DENIED.

**F.  Qualified Immunity.**

Defendants have requested entitlement to qualified immunity on grounds that no personal liability may be attached to agents or supervisors under Title VII.

When a defendant pleads qualified immunity and shows he is a governmental official whose position involves the exercise of discretion, the plaintiff then has the burden to rebut this defense by establishing that the official's allegedly wrongful conduct violated clearly established law.   The test to determine qualified immunity would be bifurcated test for qualified immunity is quite familiar: (1) whether the plaintiff has alleged a violation of a clearly established constitutional [or federal statutory] right, that is, plaintiff had alleged the deprivation of an actual constitutional or statutory right; and, (2) if so, whether the defendant's conduct was objectively unreasonable in the light of the clearly established law

Henry David Velázquez, et al. v. Pedro Toledo Dávila, et al.
Civil No. 08-1131 (FAB/CVR)
Opinion and Order
Page No. 20

at the time of the incident.   Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034 (1987).

Since qualified immunity protects a public official from liability for money damages in their individual capacity, Title VII, which is submitted by herein defendants, is of no concern as to qualified immunity.  Sections 1983 and 1981 are the ones that ought to be discussed.  However, defendants totally obliterated arguments on qualified immunity as to these provisions, limiting discussion to the absence of personal liability as to Title VII.

In the present case the alleged discrimination is based on race.  This right to be free from discrimination has long be established, for which plaintiff Velázquez meets the initial prong that there has been an alleged violation of a clearly established constitutional right in regards with Sections 1983 and 1981 for racial discrimination.[17]   In the absence of even a perfunctory discussion of qualified immunity as to anything other than Title VII, the defendants' request as to qualified immunity is DENIED.

## G.  Pendent State Claims.

Defendants seek dismissal of state pendent claims resting on an expectancy that all federal claims be dismissed.  As discussed above, that is not the finding of this Court.

Pendent or supplemental jurisdiction exists whenever there is a claim arising under the Constitution, the laws of the United States, and treaties made under their authority and the relationship between that claim and the state claim can be found to constitute but one

---

[17] Cf. Felton v. Polles, 315 F.3d 470 (5th Cir. 2002) (employment discrimination claims alleging racial harassment are not actionable under Section 1981 nor was it clearly established under said Section).

CARE

constitutional case.  The state claims must be linked to the federal claim by a "common nucleus of operative facts", and must be sufficiently substantial to confer federal court jurisdiction.  United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130 (1966); Rodríguez v. Doral Mortgage, 57 F.3d 1168, 1175 (1st Cir. 1995).  The exercise of pendent jurisdiction as to plaintiffs' state claims are subject to the Court's discretionary power.

As such, this Court determines to exercise the discretionary authority over pendent state claims filed in the Amended Complaint.

## CONCLUSION

In view of the above discussed, defendants' Motion to Dismiss (**Docket No. 14**) is **GRANTED IN PART AND DENIED IN PART** as follows:

- **GRANTED** as to Title VII claims filed in the Complaint against individual defendants  Pedro Toledo Dávila, Captain Angel Rosado, Radamés Rivera, Benjamín Camacho and Gilberto Avilés Méndez.

- **GRANTED** as to co-defendants Radamés Rivera, Benjamín Camacho and Gilberto Avilés Méndez as to all claims.

- **GRANTED** as to co-defendant Angel Rosado, since evidence submitted have clearly established his demise.

- **DENIED** as to all other causes of action and remaining defendants.

Henry David Velázquez, et al. v. Pedro Toledo Dávila, et al.
Civil No. 08-1131 (FAB/CVR)
Opinion and Order
Page No. 22

IT IS SO ORDERED.

San Juan, Puerto Rico, this 20th day of February of 2009.

s/CAMILLE L. VELEZ-RIVE

CAMILLE L. VELEZ-RIVE

UNITED STATES MAGISTRATE JUDGE